UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:09-cr-0008-SEB-MJD |
| | ) | |
| SELVIN SILVESTER DOUGLAS, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On August 7, 2020 and April 20, 2021, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on September 16, 2019. Defendant appeared in person with his appointed counsel Gwendolyn Beitz. The government appeared by Michelle Brady, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Andrea Hillgoth.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Douglas of his rights and provided him with a copy of the petition. Defendant Douglas orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Douglas admitted violation numbers 1, and 2. [Docket No. 89.] Government orally moved to withdraw the remaining violations, which motion was granted by the Court.

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| **Violation Number** | **Nature of Noncompliance** |
|---|---|
| 1 | **"Upon completion of imprisonment, the defendant shall be surrendered to Immigration authorities for deportation proceedings pursuant to the Immigration and Naturalization Act, and if detained shall not be required to report to the probation officer within 72 hours of release from imprisonment. The defendant shall not enter the U.S. illegally. If granted permission by Immigration authorities to remain in or legally re-enter the U.S. during the period of supervised release, the defendant shall report immediately to the probation officer."** |
| | The offender was released from the Bureau of Prisons on February 13, 2015, to immigration. authorities. He was subsequently deported on March 30, 2015, to Jamaica and did not have permission to re-enter the United States. |
| 2 | **"The defendant shall not commit another federal, state, or local crime."** |
| | The offender was arrested on or about September 16, 2019, by the Rhode Island State Police, in Warrick, Rhode Island. According to the arresting officer, the offender will be charged with Dealing in Marijuana and Resisting Arrest. He was apprehended with 14 pounds of marijuana and fled from police. |

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade A violation.

   (b) Defendant's criminal history category is IV.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 37 to 46 months' imprisonment.

5. The government and defendant jointly recommended a sentence of twenty-four (24) months with no supervised release to follow. USPO recommended a sentence of thirty-six (36) months with no supervised release to follow

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that

his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of twenty-four (24) months with no supervised release to follow. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated: 4/20/2021

*Paul R. Cherry*
Paul R. Cherry
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system